Good morning, ladies and gentlemen. Our first case for this morning is Priddy against Health Care Service Corporation. Mr. Joshi. Thank you, Your Honor. May it please the court. My name is Sophan Joshi and I represent the defendant in this case, Health Care Service Corporation. As you know, this is an interlocutory appeal of a class certification order. A certification order that the plaintiffs in their brief in this court have barely attempted to defend and for good reason. The class certification order really is indefensible. The district court certified four classes comprising some 10 million people across five states to pursue five different claims under ERISA and Illinois common law. These classes failed to meet the basic requirements of Rule 23. So Mr. Joshi, could you just review for me how many of these points you were able to raise before the class certification motion? I understand a general motion to oppose, but did you delve into the detail that you have here? I'm sure we've refined our points a little bit on appeal, but as we pointed out in our brief and as you can see from the record, their class certification motion was very bare-bones, very conclusory. Their memorandum of law in support of the motion was two pages long in substance. I went through and counted it again. You can see appendix page 238. You can see the analysis supporting it and it was all based on the Tyson case and so at that point in the district court, it was fairly early in the proceedings and our only job was to say they haven't met their burden and we did that and we did offer more detail including some of this stuff we have in our brief now. So when you were talking about not meeting their burden, this is obviously a very important point in this case because the burden is on the party who wants the class, normally it's a point of class of to meet the criteria of Rule 23 and you've now gone through in great detail and explained to us why you don't think they met their burden on these various everything by numerosity I take it you're conceding since there are 10 million people. I think you're using that point differently, but that was actually one of my concerns about this case just to make sure that they got the proper shot at the district court thing they needed. Yes your honor, I believe they did. I mean you know it's the plaintiff's burden, it was their motion and their motion was woefully we think inadequate and you know we pointed that out to the district court and really if you you know one of the one of the things about class certification is it's not just about the people in the courtroom, it's about the absent class members and because of that it is really incumbent on plaintiffs and plaintiff's counsel and the district court to engage in the rigorous analysis that Rule 23 demands that this court and the Supreme Court have said district courts must engage in and it is really to protect the rights of all people who aren't in the courtroom. Which is why we often have this bizarre situation which we do in this case of the defendant zealously attempting to represent the interests of the unnamed members of the plaintiffs are saying no no everything's fine. This case had been pending for quite some time right before the class certification motion was filed? It had been I believe most of that delay was in between when the motion to dismiss had been fully briefed which was back in March of 2015 I believe and the decision on the motion to dismiss which didn't come till the very end of March 2016 so there was over a year delay I think or a year delay between then I think that was mostly delay after that they filed their class certification motion very shortly after that you know we followed our response in April I think they filed a reply which technically isn't allowed. And was discovery going on? How much discovery was going on? Discovery was going on but once this court granted the 23 F petition the plaintiffs moved to stay discovery during the pendency of this appeal and we agreed to that so it stayed right now. And you know as I was saying the district court really didn't engage in the rigorous analysis and I think that's what really led it astray because even a cursory analysis would have revealed that it does not meet the rule 23 requirements and so I'll briefly touch on those requirements and explain why the classes don't don't meet those requirements but but I want to preface that discussion as I said with with that analysis is really what what infects the entire the entire certification order. So can I just clarify because actually sometimes when people come before us and they're complaining about a lack of analysis the remedy is to send it back to the district court judge and tell the judge to do a better job with the analysis but I don't take it that that's the relief you want. If that's all we can get we'll take it but yes you're right what we want is you know we firmly believe that these classes are just not certifiable period and that's because as you know class certification requires you to look at the merits of the claims and the claims that they've brought are ones that are simply not amenable to class-wide resolution on a class-wide basis with common class-wide proof. So for example if we go to commonality you know as Walmart this court in JMS has said you know it's not just about raising questions it's about it's about common answers that can drive the resolution of the litigation. That was the phrase that the late and wonderful professor Richard Nagarita used which was cited by the Supreme Court in the Walmart case. Does the record contain anything other than that one version of the policy that I suppose I should call it HCSC but kind of Blue Cross Blue Shields it's my out-of-the-record recollection that they're actually quite a few different policies but maybe it's not in the record. So what's in the record before the court is the sample policy that they attach to their complaint and then we attached I think Priddy's policy to our motion to dismiss and I believe those are the only two that are in the record right now although obviously we've been able to find the policies of each of the named plaintiffs at least. So you argue quite a bit that there are in fact many types of policies and that's one of your reasons for saying commonality is lacking. There are so. But how do we know that? Are you just saying you're saying so or how do we know that? So essentially I think our point on that is twofold. First of all and most important the district judge dismissed all the policy based claims already so they're not in the case so it actually doesn't really matter the differences among the policies but the second point to that is you know again it's the plaintiff's burden to show commonality and so you know if they were in the counterfactual world still bringing a policy based claim they would have to assert and show that in fact all the policies in the class are identical and and they haven't done that and so for both of those reasons you know we think it doesn't really you know they haven't met their proof there. You know their real claim is a fiduciary claim under both ERISA and Illinois common law and it's about you know the misuse of those premiums that we collect and and yet as we point out in the brief three of the four classes include both people who paid premiums to us and people who didn't pay premiums to us and beneficiaries of both of those kinds of people who also don't pay premiums to us and that alone renders the classes too diverse for certification. One of the classes, the fourth one, as written it includes every single person in Illinois who has health insurance. Now you know maybe that was just a little sloppy and we and we can sort of understand that maybe what what they meant was those who are somehow customers of us and that's fine. That's with regard to the so-called receivership claim and you know a receivership is not an independent claim it's just a remedial device and so I I'm having difficulty with the theory of the case quite frankly to the extent that we have ERISA and common law claims left after the motion to dismiss was decided they are fiduciary breach claims for sort of vague and amorphous misuse of premiums paid and I it's not clear to me what theory of fiduciary breach that allegation rests on what what the law is. I don't know what the elements of that claim would be they haven't been articulated either by the plaintiffs or the district court and those are sort of baselines that need to be touched in order to understand a class certification request. I just don't see that here do you have any idea of what the theory of the case is? I have to be honest your honor we really don't and and you know I couldn't agree with you more they haven't articulated the theory as best we can tell you know it's it's what we've got is that we somehow misuse insurance premiums but of course premiums aren't ERISA plan assets and so there can't be a breach there and under Illinois law of course and insured is not the fiduciary of I'm sorry an insurer is not the fiduciary of an insurer of an insured and so I don't see the claims there either and so our point here is really that almost you know because there really is no claims here there's there's no articulation of what the elements of the claims are then you know we think there shouldn't be a case to begin with but then of course your I it means that the class members the absent class members don't have a claim either and and that's the that's another ground on which to to reverse the class certification order and you know. But you would agree I take it that the only thing that's properly before us right now is the propriety of the class certification order the district court should you prevail here will wrap up whatever the district court wraps up. That is correct but as I understand this court's practice and you know practice in general it's it's this court can opine on of course on on the merits of the claims that you know I'll point this court to the recent Allergan case in which the court really dismissed that class action you know looking hard at the merits you know this court has there was a case many years ago the West versus Prudential Securities case where it was a class action the court dismissed it was a class action brought under basic versus Levinson fraud on the market but the defendant had actually just given private advice to only his clients and the court said well that's not basic doesn't extend that far to you know to private advice it's only for public information and so dismiss the class I would have to assume when it went back down the district judge either looked at summary judgment or reconsidered. I'd like to reserve my time. Certainly. Yes Miss St. Saul. Good morning your honors I'm Alexandra de St. Paul and I represent all the plaintiffs in this case. I want to touch briefly on the standard of review. The standard of review is abuse of discretion that's the most deferential standard of review. Well it is except that we do have 23 F which permits us to review class certifications and I have to say just trying to correlate these various theories with the four classes is is a real task. The Supreme Court has made it quite clear that not only do classes need to be defined with some precision but we need to see you are they amenable to class-wide proof or not. Your brief was disturbing to me and that it seemed to misunderstand the notion that until class is certified anything a judge does is exclusively with respect to the individuals before it. Your honor I agree with you I think you are correct. But your brief didn't seem to operate on that assumption which was at least unhelpful for me. I understand I understand that. I think as there was an issue raised in the brief about the motion to dismiss and that it it the defendant didn't take the issue didn't raise the issue of the different states and granted that's that a defendant admits facts in a motion to dismiss where it doesn't on opposing class certification. But there was nothing in the district court's rulings dismissing various parts of this case that spoke at all to whether there was a you didn't engage in discovery related to the class certification. You didn't for example try to see if the policies all had the language to which you object. You didn't try to distinguish between Blue Cross Blue Shield is the actual insurer, Blue Cross Blue Shield is the administrator. You didn't try to distinguish between situations where the employer was offering a benefit plan that would be ERISA kinds of plans, ERISA benefit plans and situations in which there was just an A to B market transaction between a person who wanted insurance and Blue Cross. So it was your responsibility to gather all of this information. Yes your honor it is true and we initially have the burden of appeal also has obligations. But how did you satisfy your burden to show I mean I'm thinking of not just Walmart but Comcast, Italian Colors, I mean there's so many Supreme Court decisions at this point that are saying this is a major step in the litigation you can't just rest on your pleadings. That is true but I mean if you look at this court's decisions like for example in SABO in the Messner decision basically what this court said in SABO is that a judge must make factual and legal inquiries that are necessary under Rule 23. Well we don't know what those factual inquiries unless the defendant at least makes an issue of them. No you do know, you know that you have four parts of 23A that you have to satisfy right and they're predictably challenging everything except the numbers and you and because this is a B3 class you have to show predominance and superiority you know that so so you need to make an initial showing other than just we say so. Well we alleged that the policies had similar language for all class. We don't have any claims left that relate to the policies. Pardon? You have no claims left that relate to the insurance policies all that's left are the fiduciary breach claims. That is true they are fiduciary claims under under the policies but obviously the policies give rise to a fiduciary duty because otherwise there would be no relationship. With respect to which is a which is a basic flaw in the theory of the case. Well to me it should have been dismissed but the the Supreme Court decided back in the in the case of deposit guarantee versus Roper that it just that a defendant may not attempt interlocutory review of rulings on motions to dismiss. That was long before Rule 23F existed. I mean the problem I remember Roper very well but the problem the court was addressing is one that has been completely solved by the addition of Rule 23F to the Federal Rules of Civil Procedure. Well that's true but there still is the issue that I mean the major issues are indeed the class certification issues that have been raised on this appeal basically concern number one commonality and typicality. And you didn't put that it was your job to put evidence in the record and I'm not going to tell you what kind of evidence may have been out there whether it was from depositions whether it was from policy language whether it was from documents evidence could be a lot of things but there's no evidence in this record that any of those criteria are met. Your Honor Mester and it states that we have the obligation to put in evidence if there are disputes. No no that's where you're wrong you are the one who wants a class action so in a word you have the burden of proof on that and so you can't just say we want class action and shift the burden of proof to the defendants to point out the kinds of defenses they're going to raise. You've got to make to use the phrase you know kind of a prima facie showing that you meet these criteria and that's and you can't just rely on your complaint to do that. But as far as I mean with the answer to the complaint the defendant did not raise any objection as far as our allegations they admitted that the language which we said in the complaint that relates to both Illinois and we had representatives from from Oklahoma and Texas that that language was similar they admitted that in their complaint in the answer to their complaint that is evidence that's an admission and the court says to determine whether or not common questions predominate the court must only look so far as to determine whether there's common evidence whether and that statement and actually the citation in the court's opinion that follows that comment I want to find it because it's old law it really doesn't take into account what the Supreme Court has been saying about class actions in more recent years. Well I know common issues predominate I mean just sort of says so. I mean but I mean Messner was decided by this court of 2012. Okay you've exhausted that line of argument counsel this is not a Messner case. All right if you could articulate as straightforwardly as possible the elements of the remaining claims in this case both under ERISA and the common law. Under ERISA the first of what claims remain? The claims remain with regard to defendant misused its premiums to arrogate to itself profits from its affiliates which in administering those I mean. And what kind of legal violation is that? That's a violation of the fiduciary responsibilities of a person who is managing a plan and plan assets. The insurance company here was not managing plan assets the insurance company was providing insurance and administering benefits claims. It's not a plan administrator. But the district court determined. There was there were no determinations there was a motion to district courts don't make determinations on motions to dismiss. I understand that. And I'm asking you to articulate your theory of fiduciary breach under ERISA and under the common law. By reference to legal elements of the claim both statutory and common law. Under the common law. Start with ERISA that's why the case is in federal court. Under ERISA the plan. What elements do you need to prove to establish a fiduciary relationship vis-a-vis the actions that are alleged to be illegal in this case? We have to show i.e. that there was a beneficiaries are derivative only but the policy holders entered into a through their employers most of them through their employers a contractual relationship out of which a fiduciary duty rose. Healthcare service company is a mutual company. It is owned by its policy holders ergo a duty arises for it not to arrogate to itself it premiums and in fact policy language specifically said. What actions are alleged to have violated the fiduciary duty that you allege existed? They're purchasing and taking profits of their affiliates unto themselves and declaring in their policies that they could not be shared. How is that a violation of ERISA? Because of the fact that ERISA sets out a fiduciary duty that is required and so that's that's that is what is there. And what are the common legal and factual issues? The common legal factual issues are healthcare service corporation operated as a sole decision maker unlike Walmart case where you had millions of different separate employment decisions made by millions of different supervisors. That's different or the James versus Milwaukee case. Every individual child was different because of the fact that there had individual education plans. That's not here. You have a common decision maker making common decisions with regard to allocations of its assets in its answer to the complaint. They acknowledge that they use these premiums in part to buy these affiliates and to keep those affiliates separate. They acknowledge that in their answer to the complaint. So we had no idea that there even was an issue. They never raised an issue of the fact that there might be differences between Illinois plaintiffs and Illinois plaintiffs and Texas and Oklahoma plaintiffs. Wasn't raised. With regard to the issue of whether there are conflicts between class members, it wasn't raised. We do have the burden of proof but we shouldn't be set and the district court shouldn't have to peruse issues which it doesn't even know exists. And so that's why there is indeed commonality because there's a unitary decision maker. The decisions were made uniform across all class members and so simply by this court's own cases of Spano and also the very recent case of the McMullen case all decided that there was where there's a common question and i.e. here there is a common question. Did the defendant act appropriately or not? And that's common and that the beneficiaries their interests derived solely from the policy home owners and with regard to the administrator straight claims, yes their damages are indirect but the duty still arises out of unitary policy. All right, thank you very much. Anything further Mr. Joshi? Can I just ask you one question? It's always interesting to me in class actions. If this had been a settlement class, I imagine that HCHS would have been delighted to have it be a class because you would have had claim preclusion against 10 million people instead of against two or six or something like that. But you've been very clear on your position on the merits. Perhaps, Your Honor, although in practice and I think this case demonstrates that litigation is not perfect. Sometimes judges make errors, sometimes litigants make errors and so I think we might worry about that. We might think we're buying our piece but then it turns out that we're actually open to a collateral challenge precisely because of, for example, the adequacy issues that that we raised in our brief. But of course if you win here and there's no class but there's also no merits decision, all these other people out there could still sue you. That's true. I think we'd still rather not have the sort of course of effect of a 10 million person class asking to put us in a receivership hanging over us. Understood. The only point I wanted to make was, you know, my friend noted that, you know, in our answer we acknowledged we use premiums to buy affiliates. Yes, we do use premiums and yes, we do own, you know, a piece of Prime Therapeutics which was, you know, a pharmacy benefit manager but that's not a common fact that drives the litigation forward. There's nothing untoward about a company buying an affiliate and moreover insurance premiums, as we've said repeatedly, are not plan assets and in fact in that answer, which is paragraph 62 of the complaint that we answered, and that's docket 27, it's not in the appendix but it is in the paragraph 62. Yes, we have insurance premiums, that's part of our revenue, but we do not manage any plan assets of any plans whatsoever and, you know, that's where the litigation stands. Unless the court has any other questions, we'd ask you to reverse. Apparently not, so thank you very much. Thanks to both counsel. We'll take the case under advisement.